**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEAN THONY CHARLES, | No. 18-73357 |
| Petitioner, | Agency No. A208-302-731 |
| v. | |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2021**
San Francisco, California

Before: MURGUIA, R. NELSON, and HUNSAKER, Circuit Judges.

Jean Thony Charles petitions for review of the dismissal by the Board of

Immigration Appeals ("BIA") of his appeal from an immigration judge's ("IJ")

(collectively, "Agency") denial of his applications for asylum, withholding of

removal, and relief from removal under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252(b).  We grant the petition for review in part and deny in part.

Charles must demonstrate that he is unwilling or unable to return to Haiti "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion" for his asylum claim to succeed.  8 U.S.C. § 1101(a)(42)(A); *see also id.* § 1158(b)(1)(B)(i).  The protected characteristic must be "a central reason" for past or feared harm, which is the "nexus" requirement.  *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021) (citation omitted).  For withholding of removal, the protected ground must simply be "a reason" for the harm.  *Id.* at 1146 (citation omitted).

Charles seeks asylum and withholding of removal based on his imputed political opinion and membership in the proposed particular social groups ("PSG") of "Haitians who are targeted for retaliation by gangs," and "Haitians who are witnesses to Haitian gangs' criminal activities."  Additionally, Charles seeks CAT protection because he claims he suffered torture with the acquiescence or willful blindness of the Haitian government.  We review the BIA's determinations that Charles has not established eligibility for asylum, withholding, or CAT protection for substantial evidence, and uphold the BIA's factual findings "unless the

2

evidence compels a contrary result." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020) (citation omitted).

As a threshold matter, the BIA's failure to address the IJ's adverse credibility finding was not error. As an alternative finding, the IJ assumed credibility but denied Charles relief based on lack of nexus between his harm and any protected ground. The BIA likewise denied relief based on the IJ's alternative finding of lack of nexus. Thus, the BIA did not need to reach the issue of credibility. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence supports the Agency's finding that Charles has not shown a nexus to an imputed political opinion. Charles does not need to prove that "he . . . actually held a political opinion or acted in furtherance of it, but must provide 'some evidence' . . . that the persecutor was motivated by a belief that the petitioner held the political opinion." *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015) (emphasis and citation omitted). Charles contends that our decision in *Desir v. Ilchert* establishes that a dispute with a gang in Haiti is necessarily "political." *See* 840 F.2d 723, 727 (9th Cir. 1988). But unlike in *Desir v. Ilchert*, where the Haitian gang was operating as a pseudo-government security force, Charles has offered no evidence of a direct connection between the Haiti Prophecy gang and the government. *See id.* Further, general opposition to a gang is not enough to impute a political opinion even if the police are unable to prevent

3

the violence.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).  The Agency found gang members targeted Charles solely because they sought personal retaliation for the death of their "brother," so Charles has not established nexus between his harm and an imputed political opinion.  *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

However, the Agency erroneously concluded that Charles had not established a nexus to a PSG.  The BIA explicitly declined to decide whether the proposed PSGs were cognizable, determining only that Charles had not established a nexus to a PSG.  We thus assume that these are "both cognizable groups for the purposes of evaluating the BIA's nexus determination."  *Garcia*, 988 F.3d at 1143 (citation omitted).  The BIA adopted the IJ's finding of lack of nexus to a PSG, so we review the IJ's decision.  *Diaz-Reynoso*, 968 F.3d at 1075–76.  The IJ found that "one individual allegedly from a gang is out to get the respondent and his aunt."  The IJ concluded Charles "was targeted because the gang wants to take revenge" on Charles believing "he had killed one of their brothers," "not because he was a witness."

This finding is supported by substantial evidence.  Thus, there is no nexus to the PSG "Haitians who are witnesses to Haitian gangs' criminal activities" because

4

Charles's witnessing of Haitian gangs' criminal activities was not a reason, let alone a central reason, for his persecution. *See Garcia*, 988 F.3d at 1143, 1146.

But since the Agency had found the *only* reason Charles had been targeted was because of gang retaliation, gang retaliation was necessarily the "central reason" he was targeted. *See id.* at 1143–44. That means the "central reason" Charles was targeted was because of his membership in the PSG "Haitians who are targeted for retaliation by gangs." Since we assume this group exists and is cognizable, then by its own definition there is nexus between group membership and the harm Charles suffered. Because Charles meets the more stringent standard for nexus for purposes of asylum, he also satisfies it for withholding of removal. *Id.* at 1146. Therefore, we grant the petition for review in part. We remand for the Agency to clarify its decision and to analyze in the first instance whether the group "Haitians who are targeted for retaliation by gangs" is cognizable, and whether the other elements of Charles's asylum and withholding of removal claims are satisfied. *Id.* at 1144.

Finally, substantial evidence supports the BIA's conclusion that Charles did not show the Haitian government would consent or acquiesce to his torture. Charles must show that a government official was aware of the torture and then "breach[ed] his or her legal responsibility to intervene." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (quoting 8 C.F.R. § 208.18(a)(7)).

However, "general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (citation omitted). Charles testified that he reported the initial attack to the police but was still found months later in a different city by the same gang. However, Charles did not provide a police report and there is no information in the record as to whether there was any police investigation. Charles only stated that the police were ineffective in preventing his second attack, and he felt that "it meant nothing" to go to the police again. Further, there is evidence the police investigated the initial robbery Charles witnessed. Charles's conjecture that the police did not investigate his first attack because the gang was able to find him again does not compel a finding that the Haitian government acquiesced to his alleged torture.

We remand with instructions for the BIA to reconsider Charles's asylum and withholding of removal claims. We deny the petition as it relates to Charles's claim for relief under CAT.

Costs of this appeal are awarded to Charles.

**PETITION GRANTED IN PART AND DENIED IN PART.**